IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adam Raynor, ) | Case No.: 4:22-cv-04187-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| David McClure, Individually and in his ) Retired Official Capacity with the Florence ) Police Department, and Allen Heidler, ) Individually and in his Official Capacity with ) the Florence Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 12.) Plaintiff Adam Raynor ("Plaintiff" or "Raynor"), proceeding *pro se,* originally filed this action in the Court of Common Pleas for Florence County, South Carolina, on October 24, 2022, alleging wrongful termination following an incident during which Plaintiff was employed by the Florence Police Department and deployed his taser to subdue a suspect.[2] (DE 1-1.) Defendant David McClure ("McClure"), Individually and in his Retired Official Capacity with the Florence Police Department, determined there were inconsistencies among Plaintiff's incident reports and his body camera footage, and Defendant Allen Heidler, Individually and in his Official

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Defendants removed the action to this court on November 22, 2022. (DE 1.)

1

Capacity with the Florence Police Department (collectively "Defendants"), confirmed McClure's findings, and Raynor's law enforcement certification was revoked pending a hearing on the certification matter.

After a hearing, the South Carolina Law Enforcement Training Council (SCLETC) found that Plaintiff had not engaged in misconduct as alleged by Defendants and reinstated Plaintiff's law enforcement certification in June 2019. (Id.) In this action, Plaintiff alleges claims for deliberate indifference pursuant to 42 U.S.C. § 1983 and state law claims for gross negligence, negligence, and intentional and negligent infliction of emotional distress pursuant to the South Carolina Tort Claims Act (SCTCA), S.C. Code Ann. §§ 15–78–10, et seq. Raynor also asserts a claim for obstruction of justice. (DE 1-1.)

Defendants filed a Motion to Dismiss, alleging (1) this action is barred by res judicata based on issue preclusion/collateral estoppel: (2) Plaintiff's claims are barred by the relevant statutes of limitation; and (3) there is no private cause of action for obstruction of justice. (DE 3.) Because Plaintiff is proceeding *pro se*, he was advised, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the motion being granted and his claims being dismissed. Plaintiff failed to file a response.

The Report and Recommendation was issued on May 3, 2023, recommending Plaintiff's case be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). In the alternative, the Report recommends that Defendants' Motion to Dismiss (DE 3) be granted and this case be dismissed as barred by the applicable statutes of limitation and because there is no private right of action for obstruction of justice. Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The

Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, adopts the Report (DE 12) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). In addition, Plaintiff's case is barred by the applicable statutes of limitation, and he has no private right of action for obstruction of justice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 20, 2023

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.